# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| PAULETTE E. JONES, *Plaintiff,* | CASE NO. 6:12-cv-00010 |
| v. | MEMORANDUM OPINION |
| JC PENNEY CORPORATION, INC., ET AL., *Defendants.* | JUDGE NORMAN K. MOON |

Defendants JC Penney Corporation, Inc., and JC Penney Company of Virginia (collectively "Defendants"), pursuant to Fed. R. Civ. P. 56, seek summary judgment dismissing Plaintiff Paulette E. Jones's ("Plaintiff") complaint. Plaintiff filed this negligence action against Defendants in state court in November 2011, alleging that Defendants' agents and employees allowed an unsafe condition to exist at its River Ridge Mall store in Lynchburg, VA. As a result, Plaintiff states that she slipped and fell during a November 2009 visit, suffering serious and permanent injuries. Defendants removed this case pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, and filed their motion for summary judgment on December 28, 2012. Plaintiff filed a response in opposition to Defendants' motion on January 16, 2013, indicating that she was filing late because her expert's deposition was scheduled for the previous day, by agreement of the parties. Plaintiff then filed a brief in support of her opposition on January 17, 2013, and Defendants filed a reply on January 23, 2013.[1] No hearing on Defendants' motion was

---

[1] In their reply, Defendants contend that Plaintiff's opposition to their motion for summary judgment should not be considered, because her expert's testimony is "wholly unrelated to the issues for this motion" and Plaintiff never requested additional time to file her opposition. Finding no prejudice to Defendants, and to ensure that there are no material facts still in dispute, I considered Plaintiff's opposition for the purpose of this memorandum opinion.

1

scheduled, and on January 24, 2013, Defendants filed a notice stating that its motion was ripe for decision. For the following reasons, I grant Defendants' motion for summary judgment.

## I. BACKGROUND

Plaintiff alleges that on November 23, 2009, she made a trip to the JC Penney store located at the River Ridge Mall in Lynchburg. Plaintiff states that it was raining, and as she walked into the store's children's department from an outside entrance, she slipped and fell on the tile floor. Plaintiff states that she slipped on water, and though she did not see any liquid on the floor before or after her fall, Plaintiff believed water had accumulated around that entrance because it was raining. Pl.'s Dep. 32-33, 34-35. Plaintiff did not recall her clothes or body being wet after her fall. *Id.* at 32. Plaintiff adds that she did not see any "wet floor" signs around the entryway where she fell. *Id.* at 62. Plaintiff states that the store's mats were positioned away from the entrance, so that she stepped on a wet tile floor instead of a mat as she walked into the store. *Id.* at 68-69.

After she fell, Plaintiff states that a store employee named "Cathy" came over and told her that Plaintiff fell "because the mat was not up to the door like it should have been." *Id.* at 44:14-15. Plaintiff also states that Cathy told her that there had been falls "all over the store" that day. *Id.* at 63:21, 64:2. According to Plaintiff, Cathy indicated that those falls had occurred elsewhere in the store, and "not in [the] spot" where Plaintiff had just fallen. *Id.* at 63:19.[2] Plaintiff's expert (Dr. Gondi) stated in his deposition that Plaintiff suffered a torn tendon in her

---

[2] Plaintiff confirmed this detail later in her deposition:

    Q    Okay. And it was Cathy that had said several other people had slipped and fallen that day?
    A    Yes.
    Q    But she said that that was throughout the store, not at this spot [where Plaintiff fell]?
    A    Right.

Pl.'s Dep. 88:8-14.

ankle as a result of her fall.[3] Plaintiff states that in addition to pain, she has suffered permanent disability, deformity, and incurred various bills in an effort to recover from her injuries. Plaintiff requests $250,000.00 for compensatory damages in this matter, along with attorney's fees and costs.

Defendants now move for summary judgment on two bases: First, Plaintiff cannot make out a prima facie case for negligence, because even assuming that a dangerous condition existed in their store (a wet tile floor at the entrance to the children's department), she cannot show that Defendants had notice of that condition; and second, even if Plaintiff could make out a prima facie cause of action, Plaintiff's action is precluded by her contributory negligence, because the alleged dangerous condition was open and obvious. As a result, Defendants contend that they are entitled to summary judgment as a matter of law.

## II. LEGAL STANDARD

Summary judgment under Rule 56 should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

In considering a motion for summary judgment, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the non-moving party. *Reeves*

---

[3] This information comes from Plaintiff's brief in support of her opposition, as Plaintiff has yet to submit a transcript of Dr. Gondi's January 15, 2013 deposition.

3

*v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The party seeking summary judgment bears the burden of showing an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325. If the moving party sufficiently supports its motion for summary judgment, the burden shifts to the non-moving party to set forth specific facts illustrating genuine issues for trial. *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008) (citation omitted). On those issues for which the non-moving party has the burden of proof, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in the rule. Fed. R. Civ. P. 56(c); *Mitchell v. Data Gen. Corp.,* 12 F.3d 1310, 1315–16 (4th Cir. 1993). *See also Cheatle v. U.S.*, 589 F. Supp. 2d 694, 698 (W.D. Va. 2008) ("Indeed, the non-moving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation.") (citation omitted).

The court's role is to determine whether there is a genuine issue based upon the facts, and "not . . . weigh the evidence and determine the truth of the matter." *Anderson,* 477 U.S. at 249. Ultimately, the trial court has an "affirmative obligation" to "prevent 'factually unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

### III. DISCUSSION

Federal courts sitting in diversity apply the substantive law of the forum state, including the forum state's choice of law rules. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In Virginia, the substantive law

4

of the place of the wrong governs the proceeding, *see Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986), so Virginia's law on premises liability applies in this case.[4]

To establish her case for negligence, Plaintiff must show "the existence of a legal duty, a breach of that duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003). A business owes its customers a duty to exercise ordinary care for those customers when they are on the business's premises. *See Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990) (citing *Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962)). The exercise of ordinary care includes a store's obligation to remedy or warn of defects on its premises of which it has knowledge or should have knowledge, with the exception of those defects that are "open and obvious to a reasonable person exercising ordinary care for his own safety." *Fobbs v. Webb Bldg. Ltd. Partnership*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986).

### A. Plaintiff's Prima Facie Case

Plaintiff contends that Defendants breached their duty of ordinary care when they, without any warning to customers, allowed the tile floor at a store entrance to remain wet on a rainy day. Plaintiff states that she fell on that wet floor because a mat had been pushed away from the door. After she fell, Plaintiff states that she was approached by Cathy, a store employee, who told her that she knew Plaintiff had fallen because the entryway mats were improperly placed. Plaintiff also states that Cathy told her that there had been falls in other parts of the store that day. According to Plaintiff, Cathy's statements indicate that Defendants had notice of the hazardous condition, and Defendants' failure to place "wet floor" signs at that

---

[4] Though Virginia law applies to the substance of Plaintiff's claim, "whether there is sufficient evidence to create a jury issue of those essential substantive elements of the action, as defined by state law, is controlled by federal rules." *Fitzgerald v. Manning*, 679 F.2d 341, 346 (4th Cir. 1982).

entrance to warn its customers is a proper basis for a jury to find them negligent. Under these circumstances, Plaintiff argues, the question of contributory negligence should be a jury issue.

Defendants contend that the only material fact at issue with regard to Plaintiff's prima facie case is whether they had notice of the hazardous condition that led to Plaintiff's injury. To establish a prima facie case of premises liability, a plaintiff must introduce evidence of the premises owner's actual or constructive knowledge of the defective condition. *Grim v. Rahe, Inc.*, 246 Va. 239, 242, 434 S.E.2d 888 (1993) (citing *Roll' R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157 (1977)).[5] In other words, Plaintiff must show that Defendants "knew or should have known of the presence of the water that caused [Plaintiff's] fall and failed to remove it within a reasonable amount of time or warn of its presence." *Ashby v. Faison & Assoc., Inc.*, 247 Va. 166, 170, 440 S.E.2d 603 (1994)).

In regards to their usual standard of care, Defendants state that they keep their mats at the children's department entrance regardless of the weather. Aff. of Douglas Gabel ¶ 19-21. They also state that an employee named Stacey Robertson, who was working as a cashier near where Plaintiff fell, inspected the entrance to the children's department less than an hour before the incident, and did not observe any water on the floor or mats out of position. Aff. of Stacey Robertson ¶ 6-10. While Plaintiff alleges that a cashier named Cathy approached her after her fall and spoke to her, Defendants state that the only employee named Cathy on duty that day was Kathy Bryant, who did not observe the incident or make any statement to Plaintiff at any time. Aff. of Kathy Bryant ¶ 7-9. Defendants state that Ms. Bryant did not work on the sales floor on

---

[5] On the other hand, where the premises owner's own affirmative conduct causes the unsafe condition, of which there is no allegation in this case, notice of the condition is imputed to the owner provided the danger is reasonably foreseeable. *Harrison v. Kroger Co.*, 737 F. Supp. 2d 554, 557 (W.D. Va. 2010) (citing *Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 55, 348 S.E.2d 228 (1986)).

6

the date in question, and store records do not indicate that anyone else slipped and fell that day. Gabel Aff. at ¶ 12-13.

However, as Defendants contend, even if Plaintiff did speak to an employee named Cathy, her alleged statements do not provide evidence that Defendants had actual notice of the condition that caused Plaintiff's fall. First, Plaintiff states that Cathy came over and told her that she knew Plaintiff fell "because the mat was not up to the door like it should have been." There is nothing in that statement that indicates Defendants' employees knew of water on the entrance floor prior to Plaintiff's fall. To illustrate, in *Harrison v. Kroger Co.*, 737 F. Supp. 2d 554 (W.D. Va. 2010), the court rejected plaintiff's argument that an employee's question ("Ma'am, did you not see that? Are you okay?") after plaintiff fell was evidence of actual knowledge of the hazardous condition. *Id.* at 558. Instead, the court held that the logical inference was that "the employee saw the puddle for the first time after—rather than before—[Plaintiff's] fall, as he looked in [Plaintiff's] direction after hearing her cry out." *Id.* Similarly, Cathy's statement to Plaintiff came after she fell, and by itself is not evidence that Defendants had knowledge of an exposed, wet tile floor at that location prior to the incident.

Second, Plaintiff states that Cathy told her that people had been falling "all over the store" that day. However, Plaintiff testified that those falls were in different locations from where she fell. Pl.'s Dep. 63:19-21 ("Not in that spot . . . all over the store.").[6] Again, Defendants dispute that Plaintiff ever spoke to an employee named Cathy, and state that store records do not indicate that anyone else slipped and fell that day. But even if Defendants had

---

[6] Plaintiff later confirmed that no employee ever told her that he or she knew of any water at the place where Plaintiff fell:

| Q | Okay. So then Cathy – I assume somebody didn't say I knew the water was there or it's been there all day? |
|---|---|
| A | No. |

Pl.'s Dep. 70:20-23.

7

actual notice of dangerous conditions elsewhere in the store, this alone does not give them notice of the specific condition that caused Plaintiff to fall. In *Abbot v. Kroger Co.*, 20 F. App'x 201 (4th Cir. 2001), the Fourth Circuit held that a store's knowledge of a different spill before plaintiff's fall did not give it notice of the spill on which plaintiff fell. *Id.* at 201-02 ("[E]vidence regarding when a defect such as a spill occurred is part of the prima facie case for negligence."). Plaintiff in this case has not provided any evidence that Defendants had actual notice of the specific hazardous condition that caused Plaintiff to fall.[7]

Nor has Plaintiff provided any evidence that Defendants had constructive notice of that exposed, wet tile floor at the entrance to the store's children's department. A plaintiff may show that a business owner had constructive notice of a defective condition by offering "evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim*, 246 Va. at 242, 434 S.E.2d at 890 (internal citations omitted). "Hence, if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a prima facie case." *Id.* (citing *Winn-Dixie Stores*, 240 Va. at 184, 396 S.E.2d at 651) (emphasis in original).

In *Grim*, the Virginia Supreme Court held that the trial court correctly struck plaintiff's evidence, when a plaintiff who suffered an electrical burn when he touched a broken light receptacle on the counter of a fast food restaurant was unable to show "when the fixture was broken." *Id.* at 890. Otherwise, the Court explained, if it "imposed a duty . . . to discover and remedy this broken fixture when it might have been broken minutes before [the plaintiff's]

---

[7] The mere fact that it was raining outside does not give a building owner actual notice of water that may eventually accumulate on an entryway floor either. In *Ashby v. Faison & Assoc., Inc.*, 247 Va. 166, 170, 440 S.E.2d 603 (Va. 1994), the Virginia Supreme Court held that, although it had been raining prior to plaintiff's slip and fall, the plaintiff had not shown actual notice on the part of the building owner, because "there was no evidence here that any person, including the plaintiff herself, knew of the existence of water on the lobby floor before she fell." *Id.* at 605.

injury, [the Court] would effectively require [the restaurant] to insure its customers against injury by such fixtures that are not inherently dangerous if unbroken." *Id.*

Similarly, in *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446 (4th Cir. 2004), a plaintiff was injured when she was struck by mirrors that fell from a store display. *Id.* at 448. Again, because plaintiff could not present any evidence of when the unsafe condition (the disorderly state of the mirrors) came into existence, she was prevented from showing that the defendant had constructive notice of that condition. *Id.* at 454 ("Even assuming that [plaintiff] established that an unsafe condition existed in the display when she arrived, she failed to provide sufficient evidence of how much earlier the condition arose, and thus cannot establish that the condition was in existence for a time sufficiently long for a jury to conclude that Wal–Mart was negligent in addressing it.").

In this case, Plaintiff has not offered any evidence as to when the alleged dangerous condition came into existence, and only assumes that the tiles were wet because of the rainy weather. Pl.'s Dep. 35-36, 70-71. In fact, Plaintiff specifically admitted that she did not know how long the water had been on the floor prior to her fall. *Id.* at 36:16-18. Taking the evidence in the light most favorable to the Plaintiff, all she can show is that at some point during the day water accumulated on the entrance floor. All the plaintiff could show in *Hodge* was that at some point during the day, the store's mirror display had become disorganized, which, like water at an entrance floor, was only generally foreseeable to occur. *See Hodge*, 360 F.3d at 453-54.[8] Defendants note that Plaintiff in this case has even less evidence than in *Hodge* that the unsafe

---
[8] As stated, the Virginia Supreme Court has explained that a "foreseeable standard" with regard to constructive notice is only appropriate where the premises owner's affirmative conduct caused the unsafe condition. *See Ashby*, 247 Va. 166, 440 S.E.2d 603 (1994). In *Ashby*, discussed *supra*, the Court rejected plaintiff's argument that because it was raining on the morning of her accident, it was foreseeable that water would be brought into the building and the floor would become slippery and create a hazardous condition. *Id.* at 603. Instead, in cases of passive conduct like this one, "the applicable standard is whether the defendants had actual or constructive notice . . . of the presence of the water that caused [the plaintiff's] fall and failed to remove it within a reasonable time or warn of its presence." *Id.* at 605 (citation omitted).

9

condition existed for a sufficient time to give Defendants notice, because an employee inspected the children's department entrance less than an hour before Plaintiff's fall. In *Hodge*, store employees had not inspected the mirror display for more than twice that length. *Id.* at 454.

A final example comes from *Logan v. Boddie-Noell Enterprises, Inc.*, 2012 WL 135284 (W.D. Va. Jan. 18, 2012). There, the plaintiff slipped and fell on the wet floor of a restaurant's entryway, due to water that had been tracked in on a snowy day. While the plaintiff in that case argued that she produced evidence as to why the unsafe condition occurred (customers tracked in melted ice and snow from outside), her case did not survive summary judgment because she failed to put forth evidence to show when the liquid accumulated around the entryway where she fell. *Id.* at *6. The court emphasized that "[t]he ability to prove how or why the unsafe condition materialized does not relieve the plaintiff of the burden of proving some form of notice to the premises owner in cases where its affirmative conduct did not cause the unsafe condition." *Id.* (citing *Hodge*, 260 F.3d at 452-53). Likewise, Plaintiff in this case has not offered any evidence showing how long water had been on the tile floor before she slipped, or how long the entrance mat had been positioned away from the door, and thus cannot establish that Defendants had constructive notice of the hazardous condition.

Plaintiff has not provided any evidence that Defendants had either actual or constructive notice that water was present on the tile floor at the entrance to the children's department before she fell. Because Plaintiff cannot establish a prima facie case for Defendants' negligence, a discussion of her contributory negligence as a matter of law is unnecessary.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment shall be granted, and Plaintiff's case shall be struck from the court's active docket. An appropriate order accompanies this memorandum opinion.

The clerk of the court is hereby directed to send a certified copy of this memorandum opinion to all counsel of record.

Entered this ___20th___ day of February, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE